UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| GLAXOSMITIHKLINE LLC, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. 13-cv-13010-IT |
| | * | |
| THE CHEROKEE NATION and TODD HEMBREE, | * | |
| | * | |
| | * | |
| Defendants. | * | |

MEMORANDUM & ORDER

July 17, 2014

TALWANI, D.J.

The dispute in this case centers in large part on the settlement agreement entered into by Plaintiff GlaxoSmithKline LLC ("GlaxoSmithKline") and approved by this court as part of the judgment in a criminal proceeding against GlaxoSmithKline. Defendants have moved to dismiss the complaint for various reasons, including lack of subject matter jurisdiction.[1]

GlaxoSmithKline argues that this court has subject matter jurisdiction because the settlement agreement at issue vests "exclusive jurisdiction and venue" in this court.[2] At a July 2, 2014 Status Conference, Defendants conceded that this court has jurisdiction to consider that settlement agreement and, specifically, whether Defendants are subject to it. Subject matter jurisdiction, however, is an issue that this court must independently investigate. See Spielman v.

---

[1] See Mem. Law Supp. General Hembree's Mot. Dismiss, 2–3 [#10]; Mem. Law Supp. Cherokee Nation's Mot. Dismiss, 2–3 [#12].

[2] See Pl.'s Mem. Law Opp'n Defs.' Mots. Dismiss & Supp. Pl.'s Cross-Mot. Summ. J., 17 [#17].

Genzyme Corp., 251 F.3d 1, 4 (1st Cir. 2001) (explaining that federal courts "have a responsibility to police the border of federal jurisdiction").

This court previously, in a criminal proceeding involving GlaxoSmithKline on related facts, accepted a plea agreement between GlaxoSmithKline and the government and entered judgment against GlaxoSmithKline. In so doing, this court approved the civil settlement agreement that is now at issue in this case. The settlement agreement was incorporated into the plea agreement, which was accepted and approved by this court and formed the basis for the judgment. As such, this court has jurisdiction over the dispute regarding that settlement agreement. See Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 379–81 (1994) (holding that a court has jurisdiction to "vindicate its authority" and "effectuate its decrees"); Baella-Silva v. Hulsey, 454 F.3d 5, 10 (1st Cir. 2006) ("Ancillary jurisdiction exists where the district court has ensured its continuing jurisdiction to enforce a settlement agreement . . . by incorporating the terms of the settlement agreement in the court's order." (quotation marks and citation omitted)); Lipman v. Dye, 294 F.3d 17, 20 (1st Cir. 2002) (explaining that a district court can "ensure[] its continuing ancillary jurisdiction by making 'the parties' obligation to comply with the settlement agreement . . . part of the order of dismissal' . . . . by incorporating the terms of the settlement agreement in the court's order" (quoting Kokkonen, 511 U.S. at 380)).

On July 3, 2014, this court directed the Parties to re-file, as cross-motions for summary judgment, their substantive arguments regarding the settlement agreement that they previously set forth in connection with Defendants' motions to dismiss [#9, 11] and Plaintiff's cross-motion for summary judgment.

Accordingly, the motions to dismiss the complaint are DENIED to the extent such

motions assert that this court lacks subject matter jurisdiction and are DENIED WITHOUT PREJUDICE to being re-raised in the Parties' cross-motions for summary judgment to the extent that they are based on arguments other than lack of subject matter jurisdiction.

IT IS SO ORDERED.

Date: July 17, 2014 /s/ Indira Talwani
United States District Judge