# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| GLAXOSMITIHKLINE LLC, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. 13-cv-13010-IT |
| | * | |
| THE CHEROKEE NATION and TODD HEMBREE, | * | |
| | * | |
| | * | |
| Defendants. | * | |

## ORDER

December 22, 2014

TALWANI, D.J.

On October 15, 2014, the court denied Plaintiff GlaxoSmithKline LLC's ("GSK") Renewed Cross-Motion for Summary Judgment [#61] and granted the Cherokee Nation's Cross-Motion for Summary Judgment [#64]. *See* Mem. & Order [#79]. The court's ruling was directed to GSK's First Cause of Action, by which GSK sought a declaratory judgment that the claims asserted against GSK in the Cherokee Nation's tribal court Petition were released claims under the Avandia Settlement Agreement. *See* Compl. ¶¶ 31-33 [#1]. The court found that the Cherokee Nation was not a Party to the Settlement Agreement and that the Cherokee Nation's claims were not released by the Settlement Agreement. *See* Mem. & Order [#79]. The court's ruling did not address GSK's Second Cause of Action, by which GSK seeks a declaratory judgment that the Cherokee Nation courts do not have jurisdiction over the claims asserted in the Cherokee Nation's Petition. *See* Compl. ¶¶ 34-36 [#1]. The court's ruling also did not address the Cherokee Nation's counterclaims relating to the settlement agreement. Following a status

conference conducted on December 2, 2014, and for reasons stated on the record at the status conference, the court addresses these remaining claims as follows.

1. In light of the court's ruling that the Cherokee Nation is not a Party to the Settlement Agreement, *see* Mem. & Order at 5-6 [#79], GSK's Second Cause of Action is not a dispute among Parties to the Settlement Agreement and therefore is not a dispute within the venue provision of the Settlement Agreement. *See* Settlement Agreement ¶ 16 [#63-1] (providing for adjudication in this District of disputes "between and among the Parties under this Agreement"). Accordingly, venue for GSK's Second Cause of Action does not lie in this District, *see* 28 U.S.C. § 1391, and GSK's Second Cause of Action is hereby DISMISSED WITHOUT PREJUDICE on grounds of improper venue.

2. In light of this court's ruling that the Cherokee Nation's claims against GSK are not released claims under the Settlement Agreement, *see* Mem. & Order [#79], the Cherokee Nation's counterclaims related to the Settlement Agreement—specifically, Counts One, Two, Eight, and Nine of the Cherokee Nation's counterclaim complaint, *see* Counter Claim Class Action Compl. ("CN Counterclaim") ¶¶ 184-200, 201-03, 275-78, and 279-86 [#67]—are hereby DISMISSED AS MOOT.[1]

Date: December 22, 2014                   /s/ Indira Talwani
                                          United States District Judge

---

[1] Count One is for Rescission/ Cancelation of the Settlement Agreements Due to Lack of Mutuality, Mistake, and Fraud in the Inducement (CN Counterclaim ¶¶ 184-200), Count Two is for Declaratory Judgment that the Settlement Agreement is void (id. ¶¶ 201-03), Count Eight is for Negligence in connection with payments made under the Settlement Agreement (id. ¶¶ 275-78), and Count Nine is for Breach of the Covenant of Good Faith and Fair Dealing with respect to the Settlement Agreement (id. ¶¶ 279-86).

2